IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ANGELLA D. VAILE,**  6:12-cv-00572- RE

          Plaintiff,  **OPINION AND ORDER**

    v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

          Defendant.

**REDDEN**, Judge:

Plaintiff Angella D. ("VAILE") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). For the reasons set forth below, the decision of the Commissioner is affirmed and this matter is dismissed .

1 - OPINION AND ORDER

## BACKGROUND

Vaile filed her applications for SSI and DIB on February 26, 2008, alleging disability since January 1, 1998, due to "left side stroke, I'm confused/lost, my mind checks out, part of the time I don't know what I'm doing, diabetic, hypertension, GERD, back pain." Tr. 95. Vaile was 46 years old on her alleged onset date. Her application was denied initially and upon reconsideration. A hearing was held on June 15, 2009. At the hearing, Vaile amended her disability onset date to December 1, 2004. The Administrative Law Judge ("ALJ") found her not disabled. Vaile's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Vaile had the medically determinable severe impairments of alcohol abuse, status post cerebrovascular accident ("CVA"), diabetes, and degenerative disc disease of the lumbar spine. Tr. 20.

The ALJ found that Vaile's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 13.

The ALJ determined that, considering alcohol abuse, Vaile "is mentally unable to sustain a normal work schedule on a regular and continuing basis." Tr. 21.

The ALJ determined that, without considering alcohol abuse, Vaile retained the residual functional capacity ("RFC") to perform a reduced range of light work, lifting and carrying 20 pounds occasionally and ten pounds frequently, sitting for approximately six hours in an eight hour day, and walking and standing for four hours in an eight hour day. She can occasionally

perform postural activities. She cannot climb ladders, stairs, ramps, and scaffolds, and should avoid concentrated exposure to hazards. Tr. 23.

At step four, considering alcohol abuse, the ALJ found Vaile could not perform her past relevant work, but if alcohol abuse was not considered, Vaile was capable fo performing past relevant work as a contract administrator and procurement clerk, as actually and generally performed. Tr. 26-27.

Vaile argues that the ALJ erred by: (1) failing to properly evaluate her alcohol abuse; (2) improperly weighing the treating physician's opinion; and (3) improperly relying on the vocational evidence.

## DISCUSSION

### I. Drug and Alcohol Abuse

The Act and the Commissioner's regulations prohibit payment of benefits when drug and alcohol use is a material factor in a claimant's disability. 42 U.S.C. §§ 423(d)(2)(C); 1382c(a)(3)(J), 20 C.F.R. § 416.935. An ALJ must conduct a drug and alcoholism analysis ("DAA analysis") by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol. 20 C.F.R. § 404.1535(b). If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied. *Id.*, *Parra v. Astrue*, 481 F.3d 742, 745 (9th Cir. 2007). The claimant bears the burden of proving her substance abuse is not a material contributing factor to her disability. *Id.*

Vaile argues that the ALJ's finding that she experiences "alcohol abuse" is insufficient to meet the regulatory requirement that "alcoholism" deprives a claimant of her right to disability benefits. 20 C.F.R. §§ 404.1535(a), 416.935(a). The DAA process was implemented by the
3 - OPINION AND ORDER

Contract with America Advancement Act (Pub.L. No. 104-121), enacted "to discourage alcohol and drug abuse, or at least not to encourage it with permanent government subsidy." *Ball v. Massanari,* 254 F.3d 817, 824 (9th Cir. 2001). The label used by the ALJ is not relevant because the ALJ analyzed the issue of functional limitations arising from the substance abuse.

Vaile argues that her alcohol use does not rise to the level of alcohol abuse or alcoholism. This argument fails because the ALJ properly considered her functional limitations both with and without the effects of substance abuse. Tr. 22-27.

Vaile argues that her symptoms may be side effects from prescribed medications. The ALJ is not obligated to consider a claimant's assertion of medication side effects unless it is supported by objective evidence. *Thomas v. Barnhart,* 278 F.3d 947, 960 (9th Cir. 2002). Vaile does not point to any objective evidence of medication side effects.

## II. Medical Opinions

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

### A. Donna Kruse, M.D.

Dr. Kruse completed forms in which she found Vaile "severely limited" and "sedentary." Tr. 722-60; 353-56; 751-54; 729-32.

The ALJ gave Dr. Kruse's opinion "little weight." Tr. 26. The ALJ noted Dr. Kruse's opinion was not supported by her own treatment records, and was based upon Vaile's self-reports, which were found not fully credible. *Id.* The ALJ articulated specific and legitimate reasons to give greater weight to the opinion of Dr. Bello, as described below.

### B. Sergio Bello, M.D.

Dr. Bello testified at the hearing after reviewing the medical record. Dr. Bello opined that Vaile retained the ability to perform a light level of exertion with the restrictions identified by the ALJ in the RFC. The ALJ noted that Dr. Bello's opinion was consistent with the opinion of examining physician Mark Thibert, M.D. Tr. 26, 347.

The evidence could result in "more than one rational interpretation," and the ALJ's conclusion to grant more weight to Drs. Thibert and Bello than Dr. Kruse must be upheld. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005).

Vaile has the burden of proving that her substance abuse is not material to her disability. *Parra,* 481 F.3d at 745. The ALJ offered clear and convincing, and specific and legitimate, reasons to give Drs. Thibert and Bellos's opinions greater weight than Dr. Kruse's.

### III. Vocational Expert

Vaile argues that the ALJ erred by posing a hypothetical to the Vocational Expert ("VE") which included a "sit stand option." Tr. 78. Vaile contends that this functional limitation created a conflict between the VE's testimony and the *Dictionary of Occupational Titles ("DOT").*

The VE testified that an individual with Vaile's RFC could perform Vaile's past relevant work, and that her testimony did not "differ from the information found in the *DOT*. Tr. 77-78. An ALJ must inquire whether a VE's testimony is consistent with the *DOT*, and if not, obtain a reasonable explanation for any apparent conflict. *Massachi v. Astrue,* 486 F.3d 1149, 1153 (9th Cir. 2007). Where there is no conflict, the ALJ may rely on the VE testimony. The *DOT* does not contain information about sit/stand options, and so cannot conflict with the VE testimony on this issue.

## CONCLUSION

For these reasons, the ALJ's decision that Vaile is not disabled is based on correct legal standards and supported by substantial evidence. The decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated this 21 day of August, 2013.

JAMES A. REDDEN
United States District Judge